**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. _____** |
| **v.** | ) | |
| | ) | |
| **THE INDIVIDUALS,** | ) | |
| **CORPORATIONS, LIMITED** | ) | **JURY TRIAL DEMANDED** |
| **LIABILITY COMPANIES,** | ) | |
| **PARTNERSHIPS, AND** | ) | |
| **UNINCORPORATED ASSOCIATIONS** | ) | |
| **IDENTIFIED ON SCHEDULE A TO** | ) | |
| **THE COMPLAINT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Plaintiff, by and through its undersigned counsel, hereby respectfully requests that it be granted lave to file this action, and proceed thereafter, anonymously. In support of this Motion, Plaintiff states as follows:

1.      A party may proceed in litigation anonymously where "exceptional circumstances" outweigh the public policy in favor of identified parties and any prejudice to the opposing party that would result from anonymity. *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016).

2.      Here, exceptional circumstances warrant permitting Plaintiff to proceed anonymously. Plaintiff anticipates that Defendants, alone or in connection with third-parties, if they know Plaintiff's identity, will undertake activity designed to frustrate Plaintiff's efforts to prosecute this action and collect upon any potential judgment entered against one or more Defendants. This assertion is based upon such activity taking place in relation to other counterfeiting cases involving analogous facts.

1

3.      Specifically, such activity will likely include, without limitation, Defendants blocking access to their sites in the United States so that intellectual property rights owners and attorneys representing such rights owners, located within the United States, are unable to view their on-line postings and, therefore, unable to garner important evidence.

4.      Further, third-parties routinely work in concert with accused counterfeiters and infringers in an effort to facilitate evading enforcement efforts. One such third-party, for example, is an entity doing business as "Sellerdefense," a Chinese organization that monitors counterfeit enforcement lawsuits in this Judicial District. When Sellerdefense observes an intellectual property rights owner having filed a lawsuit against alleged counterfeiters/infringers and having moved the Court for a Temporary Restraining Order, they announce this activity on their website and recommend that sellers cease their counterfeiting activity, liquidate their associated payment accounts, and change the payment processors that they had been using to accept payments for sales made through the involved accounts. Sellerdefense also helps counterfeiters/infringers against whom litigation has been initiated find defense attorneys and counsels the counterfeiters/infringers regarding effective settlement negotiations strategies.

5.      Efforts of the nature discussed above, undertaken by Defendants alone and/or in concert with third-parties, severely diminishes the ability of intellectual property rights owners to secure redress for the injuries that they have sustained due to counterfeiting and/or other intellectual property infringement.

6.      Permitting Plaintiff to proceed anonymously will not prejudice Defendants here. Once the Court has ruled upon Plaintiff's Motion for Temporary Restraining Order, Defendants will be aware of Plaintiff's identity even if the public at large will not be apprised of Plaintiff's identity. Defendants have no interest in the public at large knowing Plaintiff's identity.

7.      For the reasons discussed above, Plaintiff respectfully urges that it should be permitted to proceed with this action anonymously. In the alternative, should the Court not be inclined to permit Plaintiff to proceed anonymously for the entirety of this action, Plaintiff respectfully urges that it should be permitted to proceed anonymously at least until such time as the Court has ruled upon Plaintiff's Motion for Temporary Restraining Order (and, if granted, while the Order is in effect, including any extensions) in order to further mitigate the risk of Defendants attempting to evade Plaintiff's present patent enforcement efforts.

Date: September 25, 2022                                 Respectfully submitted,

                                                         /s/ Theodore J. Chiacchio
                                                         Theodore J. Chiacchio (Bar No. 6332547)
                                                         **CHIACCHIO IP, LLC**
                                                         307 North Michigan Avenue, Suite 2011
                                                         Chicago, Illinois 60601
                                                         Tel: (312) 815-2384
                                                         Email: tchiacchio@chiacchioip.com

                                                         *Counsel for Plaintiff*