UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:22-cv-5211(VMK)(SEC) |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION AND TO EXTEND THE
TEMPORARY RESTRAINING ORDER PENDING A RULING ON
PLAINTIFF'S PRELIMINARY INJUNCTION MOTION**

Plaintiff, by and through its undersigned counsel, hereby submits this Memorandum in support of its Motion for Entry of a Preliminary Injunction and to Extend the Temporary Restraining Order Pending a Ruling on Plaintiff's Preliminary Injunction Motion. For the reasons set forth herein, Plaintiff respectfully urges that the Court should grant this Motion and the injunctive relief sought.

**INTRODUCTION**

Plaintiff is requesting entry of a preliminary injunction based its action for design patent infringement. As alleged in Plaintiff's Amended Complaint, Defendants are engaged in the unauthorized manufacture, use, sale, offering for sale, and importation into the United States of unlicensed products that embody a design that infringes Plaintiff's U.S. Patent No. D957,751 S (the "'751 patent") (the "Infringing Products") through various fully interactive, commercial

1

internet stores operating under at least the Online Marketplace Account identified in Exhibit 2 to the Declaration of Zhiqiang Huang, submitted in support of Plaintiff's Motion for Entry of a Temporary Restraining Order (the "Huang Declaration"; Dkt. 8-2). As discussed further herein, Plaintiff has had an opportunity to take third-party discovery from on-line retail platform Amazon who operates in active concert or participation with Defendants. It is critical that Defendants and those in active concert or participation with Defendants continue to be subject to the terms previously set forth in the TRO requiring cessation of the infringing activity and restraining of the payment account(s). This is imperative to prevent any attempt on the part of Defendants to circumvent Plaintiff's enforcement efforts by transferring funds out of the accounts. The *Ex Parte* Sealed Temporary Restraining Order entered by this Court on October 6, 2022 (Dkt. 20) is set to expire on October 20, 2022. Plaintiff, therefore, respectfully requests that said Order be extended for an additional 14 days to allow for ample time for the Court to rule on Plaintiff's request for a preliminary injunction.

## STATEMENT OF FACTS

### I. Jurisdiction.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 100, et seq. and 28 U.S.C. §§ 1338(a) and 1331. This Court may properly exercise personal jurisdiction over Defendants because Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive internet store identified in Exhibit 2 to the Huang Declaration (Dkt. 8-2). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target U.S. consumers using one or more seller aliases through which Illinois residents can purchase Infringing Products. (*Id.*) *See, e.g., Christian Dior Couture, S.A. v. Lei Liu*

*et al.*, 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (personal jurisdiction proper over defendant offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required); *see also Monster Energy Co. v. Zheng Peng*, Case No. 17-cv-414, 2017 WL 47732769, at *7 (N.D. Ill. Oct. 23, 2017). Defendants are engaging in interstate commerce, committing tortious acts in Illinois, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Venue is proper pursuant to 28 U.S.C. § 1391.

## II. Plaintiff's Product and Design Patent.

Plaintiff markets and sells an innovative line of chicken feeders ("Plaintiff's Products"). (Dkt. 8 ¶ 3). Plaintiff has generated hundreds of thousands of dollars in revenue from sales of its products through on-line retail chains such as Amazon. (*Id*. ¶¶ 4, 8).

Plaintiff holds a U.S. design patent that claims the design embodied by Plaintiff's Products ("Plaintiff's Patented Design"). (Dkt. 8 ¶ 5; *id*. Ex. 1). Plaintiff's Patented Design differentiates Plaintiff's Products from those of Plaintiff's competitors. (*Id*. ¶ 9). Plaintiff has invested substantial time, money, and effort creating and promoting Plaintiff's Products and Plaintiff's Patented Design. (*Id*. ¶ 13).

## III. Defendants' Unlawful Activities.

The marketplace success of Plaintiff's Products has resulted in significant counterfeiting of Plaintiff's Patented Design. (Dkt. 8 ¶ 10). Plaintiff has, therefore, instituted a worldwide program to investigate suspicious on-line marketplace listings. (*Id*.) Defendants facilitate sales of the Infringing Products by designing their on-line storefronts so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendants' online storefronts appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay, Western Union, and/or PayPal. Defendants often include on their on-line storefronts content and

images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

Defendants have infringed, and continue to infringe, the '751 patent. Information regarding Defendants and their infringing activity is set forth in Schedule A to Plaintiff's Amended Complaint (Dkt. 5-4) and also in Exhibit 2 to the Huang Declaration (Dkt. 8-2). Such information includes Defendants' Amazon Seller Names, URLs for the Defendants' Amazon stores, URLs for Defendants' specific infringing products sold through Amazon, and images of Defendants' Infringing Products.

### IV.     Present Procedural Context and Status of Discovery Efforts.

On October 6, 2022, this Court entered Plaintiff's requested *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO"). (Dkt. 20). The Court has permitted Plaintiff to provide Defendants with notice of these proceedings and to serve pleadings filed in the case by publishing a link to said pleadings on a website and sending a link to said website via email to email addresses owned by Defendants. (*Id.*) Pursuant to the TRO entered in this action, financial accounts associated with Defendants' Internet Stores that have been identified as selling the Infringing Products have been restrained.

## ARGUMENT

### I.     A Preliminary Injunction Extending the Relief Already Granted in the TRO Is Appropriate Here.

Plaintiff requests that this Court convert the TRO previously entered in this action to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts regularly convert temporary restraining orders ("TRO") to preliminary injunctions where the circumstances justify it. *See, e.g., Anti-Aging Techs., LLC v. The Partnerships & Unincorporated Assocs. Identified in Sch. "A,"* 1:20-cv-06597, Dkt. 44-45 (N.D. Ill. Nov. 6, 2020); *Epic Tech, LLC v.*

*Paradise Internet Café*, LLC, No. 3:15-cv-00530-J-34JRK, 2015 WL 2342990, at *3 (M.D. Fla. May 14, 2015).

### A. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied.

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). The requirements, therefore, for entry of a preliminary injunction extending the TRO have been satisfied here. A TRO or preliminary injunction may be issued upon a showing that the following criteria have been satisfied: (1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1102 (N.D. Ill. 2005). By virtue of this Court's entry of the TRO, the Court has already found that the above requirements have been satisfied.

### B. The Equitable Relief Previously Granted Remains Appropriate.

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' U.S.-based payment accounts remain restrained during the pendency of this action. Since entry of the TRO, through expedited third-party discovery ordered by the Court, Plaintiff has obtained information concerning Defendants' infringing activity. Such information includes, *inter alia*, the email addresses used by Defendants to create and maintain the accounts with on-line retail platform Amazon through which Defendants' infringement has occurred and which receive the revenue realized by Defendants from the infringing sales, and account balance information for said Amazon payment accounts.

In the absence of a preliminary injunction, Defendants may attempt to transfer assets from accounts with U.S.-based financial institutions to offshore accounts. It is critical, therefore, that Defendants' assets remain restrained throughout the entirety of this action while Plaintiff's design patent infringement claim is adjudicated. Plaintiff's damages, which are both monetary in nature as well as of a nature not amenable to monetary quantification (e.g., loss of exclusivity), far exceed the sums contained in Defendants' restrained Amazon payment account. As such, an Order by this Court requiring that Defendants' financial accounts remain restrained during the pendency of this action is necessary and appropriate. The Patent Act expressly contemplates granting of injunctive relief in appropriate cases. *See* 35 U.S.C. § 283.

Defendants' unauthorized and infringing use of Plaintiff's Patented Design has irreparably harmed Plaintiff, and continues to irreparably harm Plaintiff, through, *inter alia*, diminished goodwill and brand confidence, damage to Plaintiff's business reputation, loss of exclusivity, and loss of future sales. (Dkt. 8 ¶ 12). Plaintiff has invested substantial time, money, and effort creating and promoting Plaintiff's Products and Plaintiff's Patented Design. (*Id*. ¶ 13). The extent of the harm to Plaintiff's business reputation and goodwill in the market, and the likely diversion of customers away from Plaintiff due to loss of confidence in Plaintiff's brand, is irreparable and incalculable. (*Id*. ¶ 14). Such harm, therefore, warrants an immediate halt to Defendants' infringing activities through injunctive relief. (*Id*.); *see Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill constituted irreparable harm for which plaintiff had no adequate remedy at law). Plaintiff will suffer immediate and irreparable injury, loss, and damage if a preliminary injunction is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1). (*Id*. ¶ 15).

## **CONCLUSION**

In view of the foregoing, Plaintiff respectfully requests that this Court enter the requested Preliminary Injunction and extend the TRO (Dkt. 20) an additional 14 days to allow for ample time for the Court to rule on Plaintiff's request for a preliminary injunction.

Date: October 17, 2022                                    Respectfully submitted,


                                                          /s/ Theodore J. Chiacchio

                                                          Theodore J. Chiacchio (Bar No. 6332547)
                                                          **CHIACCHIO IP, LLC**
                                                          307 North Michigan Avenue, Suite 2011
                                                          Chicago, Illinois 60601
                                                          Tel: (312) 815-2384
                                                          Email: tchiacchio@chiacchioip.com

                                                          *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2022, I caused the foregoing to be served upon Defendants via electronic publication.

Date: October 17, 2022

                                                /s/Theodore J. Chiacchio
                                                Theodore J. Chiacchio

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 1, 2021, I caused the foregoing to be served upon Defendants via electronic mail.

Date: June 1, 2021

                                                /s/Theodore J. Chiacchio
                                                  Theodore J. Chiacchio